Good morning. Good morning, your honors. May it please the court. My name is David Stoller. I'm a private attorney. I represent the petitioner in this case. The issue before the court, pretty straightforward, it's whether the Florida statute under which Mr. Duran Guillen was convicted is an offense that categorically involves a controlled substance that's listed under the Controlled Substances Act. And our argument is, number one, that the statute itself, the state statute itself, is indivisible. And if the statute is indivisible, then the only way for the government to be able to establish that it does in fact involve a substance controlled under the Controlled Substances Act is to take a look at the schedule of controlled substances in Florida, compare them to the federal lists, and unless there is a categorical match, then you cannot say that it is categorically an offense that relates to a controlled substance. Can you start with the divisibility question? Because it seems to me that your opponent has cited a bunch of cases from Florida and Florida pattern jury instructions that suggest that the particular substance itself is an element that must be only the jury instructions are something that are considered once the case is determined to be divisible. The issue here is that the statute is indivisible. I understand that under Florida law that the the prosecutor has to specify exactly what it is that the defendant had and also must establish through citation to the relevant provision of the Florida schedule of controlled substances that it's on that schedule. But the issue is the jury instructions is a matter you get to only if you determine that the statute itself, which is if someone has the defendant is an actual or constructive possession of a controlled substance. That's all the statute says. Actual or constructive possession are means. A controlled substance is means. The Florida statute defines what are controlled substances. Is it your view that the statute is so clear that a court would not be permitted to go beyond that and take guidance from state court decisions and state court instructions to determine whether the statute is divisible or not? I believe that the statute is that clear, correct. There's a similar statute in New York. The Second Harbin, which I don't think we cited in our case. It's Harbin versus Sessions. It says exactly the same thing. The arguments that are being made in that case are exactly the ones that are being made here. You do not get to that second part of it. The jury instructions, the issues of the state court decisions discussing the fact that the prosecutor must establish that the substance in question is something listed under the state list of you do not get there because, as Judge Marcus says, it is that clear. This is an offense that involves one crime and one crime only. Being an actual or constructive possession of a controlled substance, being in possession of heroin is not a different offense than being in possession of cocaine. But does that mean that in a prosecution in Florida where there are arguably two substances in the bag, if the person was in actual or constructive possession of heroin, half the jurors could conclude that he was in actual or constructive possession of cocaine in the conviction stands? Yes. If there's two substances in the bag and both of which are under at least the state statute as being controlled, it does not matter. The issue is that the person has possessed a substance controlled by the state law. And whether that substance is A, B, C, or D, it doesn't matter. Now there are the cases that talk about this, the state cases at least, involving the identification of the substance itself. Isn't that an element? It's a substance itself. Isn't that the key and material element in proving the crime of possession? It is. So the possession of cocaine would be different from the possession of methamphetamines. I disagree. Those two offenses... You may disagree, but that's what the Florida Supreme Court's told us. You disagree with them too? Well, in regards... And they're telling us what their statute means. Understood. And the statute that... You just say I can't look to the Well, the issue is whether the statute... The question is whether it's divisible or not. Right. And the question is can I look to Florida case law when the Florida courts have told me pretty plainly and pretty often that the actual nature of the substance in a defendant's possession is the key and material element in proving the crime of possession charged under this section? I'm reading right from the Supreme Court of Florida, a variety of DCAs in Florida telling me just that. How do I ignore that? Well, I don't believe the Florida Supreme Court is saying that the conviction for substance A, for possession of substance A, is a different crime than possession of substance B. Well, let me cite one case, Jenkins v. Wainwright, Supreme Court of Florida, 1975, Justice Overton writing for the court. The petitioner argued in that case that the offenses for which she was convicted, one was the possession of cannabis, sativa, and the other was possession of an hallucinogenic drug as charged under separate counts of the information, are merely different facets of the same transaction or whether they are different crimes and could be charged separately. Supreme Court of Florida tells us that as they read their law, these are two separate crimes because the substances are different. Well, is the substance 20 grams or less of marijuana? No, no, we're talking about the comparison between the marijuana conviction and the possession of a different controlled substance. Here, it was an hallucinogenic drug as charged under a separate count. And the petitioner argued before the Supreme Court of Florida, no, no, no, these weren't separate crimes. They were one crime and the state could not charge them separately. That is to say, count one, unlawful possession of cannabis, sativa. Count two, unlawful possession of cannabis. They were the same crime. In essence, using our nomenclature, it was indivisible, although they had no reason to use that kind of language. And the Florida Supreme Court said, no, wrong. Petitioner loses separate crimes because the substance itself is different under this section of law. What am I missing here? Well, there is a separate defense in the state of Well, there are other cases where the drug isn't even marijuana or cannabis or hash. Where the drugs are cocaine and heroin, cocaine and methamphetamines, something like that. So hold aside 20 grams because that's really not an issue in this case. Right, and if the Florida State Supreme Court is saying that those are two separate offenses, they can be charged separately as two? Not only can they say it, they have said it. And I want you to tell me how I handle that. Because if you're right, I have to discard what the Florida courts have said about what this statute means. I think you have to take a look, we need to take a look at here is whether or not under federal immigration law, that creates a crime relating to a substance controlled under the statute. The state  penalties for somebody charged under its statutes. What we're dealing with here is whether somebody is subject to deportation. For divisibility purposes, I mean, I think we've said it a thousand times, we've got to look through to the state law to determine how the state law defines its own crimes, right? And what Judge Marcus is telling you is that we're looking, this is a controlled substances statute, and if cocaine and methamphetamine, different substances, if that is an element, if possession of cocaine itself is an element of the crime, so says the Florida Supreme Court and the DCA's, then how are our hands not tied by that? That's divisible at that point. Well, that means that Florida defines a separate crime for every single substance that it controls under its statute. Well, I don't think they go quite that far because there's a case out there where they've looked at varying forms of cannabis, cannabis sativa and hash, and they've said that's the same thing. Well, sure. That you couldn't try separately. Right. But with respect to distinct controlled substances that fall within the list in, you know, the Federal Controlled Substances Act, they've said that's different. I mean, Supreme Court says in Mathis, a statute is divisible if it has alternative elements and therefore defines multiple crimes. By way of contrast, a statute would be indivisible if it enumerates various factual means of committing a single element to the extent they've tried to give us some clarification. That's what the Supreme Court has said. The state of Florida, through its courts, have told us that the nature of the controlled substance is an element, and you got to prove the possession of two substances that are different at the same time. So even if I had in my pocket a vial of crack in rock form and I had in my pocket some angel dust or methamphetamines, same time I get busted, I could be charged in Florida for two separate crimes. That's what the Florida courts have said. That seems to me to make the statute divisible. What am I missing? Well, the issue is if that statute is divisible, as your Honor is suggesting from the Florida Supreme Court decision, then there is a separate crime for each one of the controlled substances listed, and that's the conclusion the court would have to draw in order to call the statute itself using the Supreme Court's decision that you mentioned, making it divisible. How do I avoid that is all I'm asking you. Well, I think my time's about to run out. That's all right. Just give me an answer to my question. So I think that we have to distinguish between the issue of, is a criminal defendant liable for an offense under state law, as the Supreme Court was taking a look at in the case that you've cited to, and there is a separate question of, under the civil nature of immigration proceedings, is somebody subject to deportation? And so the federal, the state Supreme Court was not dealing with the issue of the categorical approach or the modified categorical approach or indivisibility. Absolutely, no question. And so while I do understand that the Florida Supreme Court decision elucidates how the Florida Supreme Court sees the Florida statutes, and while we can look there for guidance, my argument to the court would remain that the statute itself is indivisible, because if not, then we have a multitude of different offenses, different crimes, that are all called possession of, but they're possession of each individual substance that's controlled under Florida law. I see my time is up. Thank you very much. Good morning, Your Honors. Ann Wellhoff for the respondent, United States Attorney General. The Supreme Court, in the Mathis decision, set forth a very clear, three-part, if you will, test to apply when looking at a state statute to determine whether or not the statute is divisible or whether it contains alternative elements. Under all three articulated tests in the Mathis Supreme Court case, the answer here is without question that this statute is divisible and that the controlled substances at issue are elements. Far from offering an illustrative list of examples, the statute at issue provides a list of specific statutory alternatives by cross-referencing the five schedules in the Florida Controlled Substances Act. Those schedules are a disjunctive and an unlawful list alone of crimes that comprise the entire universe of controlled substances for which a defendant can be convicted of unlawful possession in Florida. May I just ask for clarification on 893.13, Florida statute. It says that we're defining a possession of 20 grams or less of cannabis or 3 grams of a controlled substance described in. Then there's a 893.03.1 and then 114, 142, 151 through 159, 166 through 173. Are those other references to a whole variety of different kinds of drugs? I didn't check those references. Your Honor, yes they are. That's all I need to know. I assumed that was the case, I just didn't confirm. Can I ask you a quick question too? I assume that you may have litigated cases like this arising out of other states or you may know from your research for this case. Is this sort of how it typically goes in states? I mean, because I think what I hear your adversary worrying about is, you know, every state presumably has a big fat controlled substances statute and they're all going to be listed out bunches of drugs. He says, well, if the substance itself is an element of the prosecution, an element of the crime, then in every controlled substances statute, with respect to every controlled substances statute, every one of those will be divisible and now every one of those will tee up the modified categorical approach and sort of the hard-line categorical approach essentially vanishes. Is this how it looks in other states? You've got a big statute and the courts by and large have said, yeah, the substance at issue is in fact an element of the crime? Your Honor, to date and since we briefed this the Sixth Circuit and the Fourth Circuit have all analyzed this same question, albeit under different state statutes that have a very similar statutory scheme whereby illegal possession and or illegal trafficking, for example, of a controlled substance is proscribed and those statutes all refer to five statutes and the court's sister circuits have clearly held that the schedules list disjunctive elements of the crime and that the specific type of the controlled substance is an element of the crime and again I want to bring the court back to the Mathis case, which gives us a perfect three-part analysis to go to. The very first part of it says, the answer to the question of whether the controlled substance is an element or a mean is easy. If you can point to a state court decision that's already said so. As Your Honor, Marcus has pointed out, the Supreme Court in Florida has absolutely unequivocally held that the particular substance is an element of the crime of possession or trafficking and that the specific element must be proven or found beyond a reasonable doubt by the jury. The finder of fact must prove that beyond a reasonable doubt. That that is the clear answer in Florida is simply bolstered by numerous other cases, which I do cite in my brief. I would point out in particular, like Jimenez v. Florida, in that case the prosecutor charged the defendant with possession of one particular controlled substance, but what was proven is nope, it wasn't that drug, it was another drug. Well, he was not guilty because drugs, they're not fungible. These are not interchangeable. It's an element of the crime. Each controlled substance gives rise to a separate offense. Each offense contains an element that the other crime does not. Under the test again in the Supreme Court's decision in The second thing that the Mathis case allows us to do is to look at, well, the statute itself, does that answer the question? Respondents submits in this case as well. The statutory scheme makes it clear. There are several examples where the specific type of substance possessed will carry a different penalty than others, and in fact, as Petitioner keeps pointing out, this exception for, I believe, 20 grams of marijuana pulls simple possession out of being a third-degree felony into being a misdemeanor. That alone supports a finding that the drug is an element. How would we even know if it was marijuana? The fact that by default possession is characterized as third- degree, the Florida Controlled Substances Act, which accept out and either enhance or reduce punishment depending on the type of drug, that in and of itself supports a finding that the drug's an element. We wouldn't be able to even apply the statutory scheme of enhancing or reducing penalties if we couldn't, in fact, tell what substance the person was found guilty of possessing beyond a reasonable doubt. To the extent that, I would also point out, so Mathis, I believe we certainly meet the first test. It's clear the state law is already spoken. I believe, secondly, the statute itself is clear. There's no other way to read the totality of the Controlled Substances Act without finding that the drugs are elements, but if that's not convincing enough, let's see what Mathis says to do in the third instance. It says, basically, then you can look at other sources of authoritative law in the divisibility analysis, and one of the things it tells us we can look at is jury instructions. I know petitioners made a big deal about jury instructions and said, oh, you're not allowed to look at those. I believe he's misreading the Mathis case, which clearly says in the divisibility analysis, not in the question, once we get past divisibility, that answers whether we can apply the modified categorical approach. Maybe there, jury instructions are not part of the record of conviction. However, Mathis makes clear that jury instructions, in deciding divisibility, is something the court may peek at, and they even use that word, peek, and they specifically mention jury instructions. So does the Supreme Court's decision in Discamps. I would refer the court to footnote 7 in the Mathis decision, in fact, of the Supreme Court. It notes that the Supreme Court in Discamps reminds Mathis that a peek at the jury instructions in the means versus element test is proper. So any suggestion that we can't look at the jury instructions in the divisibility analysis, I believe, is simply a misread of the relevant Supreme Court case law herein. And doing so, that is looking at the Florida jury instructions here, it is clear that the element must be completed and filled in. And it's also clear that if you're possessing six different controlled substances, they all must be charged separately, and that you must be in my hypothetical, one charge, two different substances. A jury could not convict if it turns out half the jurors think it's math and half the jurors think it's cocaine. In Florida, the answer is you are correct, they could not. In fact, that's exactly what the court said in Jimenez versus Florida. I would also refer the court to Whitfield versus State. The controlled substance not only has to be named in Florida, it has to match the exact chemical compound makeup of what is on the Florida controlled substance list. In that particular Whitfield case, which I do cite in my brief on page 23, the prosecution charged the defendant with illegal possession of Darvocet, which is an opioid type drug. As it turns out, they were not able to point to the exact chemical compound of Darvocet, and they could not find it on the controlled substances. They could find something very close. The defendant was not guilty. That, again, supports a finding that the element of the crime is indeed the specific drug. I would invite this court to join the well-reasoned decisions of its sister circuits in the Ninth Circuit, Martinez-Lopez, the Third Circuit, Singh and Henderson, the Eighth Circuit in Martinez recently, Sixth Circuit in Raja, and the Fourth Circuit in Cueva-Solarzano. I would point out the well-reasoned analysis. In those cases, admittedly, they're different states, but the statutory schemes are virtually identical. I would also point out, if Petitioner was to prevail in this case, the result would be any alien who is charged in the state of Florida with illicit trafficking in controlled substances under the Controlled Substances Act. Whatever violation of the Controlled Substances Act, if he was to prevail, we could remove nobody for drug crimes. They could have 10 trafficking events, and we would not be able to remove them. Now, the court did point it. I mean, that's a completely untenable finding, and it's not supported by the law either. There was one case where that is actually the result, and it is the Harbin case in the Second Circuit, where that's effectively what has occurred. One, respondent submits that case was wrongly decided. Two, I also say that that case is distinguishable, poorly reasoned. If you look at the Harbin case in the Second Circuit, where the court did take the schedules of the federal law and overlap them with the state and say the state's was overbroad and it's indivisible, it rested on the notion that the jury didn't have to find the specific element in New York. The court actually says that. That wasn't my case, and maybe there isn't a case in New York that says you have to name a specific element, but there certainly is in the state of Florida and all other states that have considered this issue, and so I would again urge the court to follow the well-reasoned decisions in the other sister circuits and deny this petition for review. Thanks very much. Mr. Stoll, you've reserved three minutes. Thank you. Just a few comments on my colleague's argument to the court. There's, and I think that Judge Evel, you had mentioned this at the beginning of the discussion. The Florida statute actually has a number of different, this particular statute, 893.13, has a number of different crimes, and the Eleventh Circuit has taken a look at it. There's the Donawa decision and a whole progeny that come from there, and then there's also something that my colleague mentioned regarding illicit trafficking. Well, Florida defines illicit trafficking at 893.135, and actually in that statute there are subdivisions of it that talk about cocaine, methamphetamine, heroin, marijuana, with specificity talking about this crime goes to this substance, and here is the penalty. With regards to the statute that we're talking about here, 893.136a, as far as I can tell, there are no different, there's no different treatment under the sentencing portion of the Florida statute for any drug listed in the Florida Controlled Substance Schedules other than simple possession of 20 grams or less of marijuana. It's the only place in the possession statute, which is subcategory or subparagraph 6b, where the statute actually... Yeah, I think that's right, and the sentencing doesn't really help her position, but the problem you have is, remains, that the statute itself requires that you prove beyond a reasonable doubt the specific chemical substance, the specific element must be, is it marijuana, is it cocaine, is it heroin, is it angel dust, is it hallucinogenic drugs, and each is different from the other such that they can be charged separately, they can be convicted separately, and they can be sentenced separately and That's the problem that I think you have with your position. And I refer to Harbin. In order for you to find the defendant guilty of this crime in New York, the people are required to prove, from all the evidence in the case, that on a date in the county of whatever, the defendant's name sold and they must specify the drug itself, the same as Florida has in its standard jury instructions, and that the defendant did so knowingly and unlawfully. And so Harbin comes to the conclusion that although the state prosecutor has to specify what the substance is, and then you have the odd situation, I would go even further, Judge Marcus, in regards to the crack and the heroin, put them in the same vial. The thing is that you have, it's still the offense of possession of a substance is controlled under Florida law. My time is up. May I just respond? Sure. Okay. Finish. The substance is controlled under Florida law are not a categorical match to what is what is scheduled under federal law. So there remains the possibility that you can have a conviction under the Florida statute in question that is not an offense that relates to a Thank you for your time. Thank you very much. Thank you both, and we'll proceed with the next and the last of the cases we have scheduled for this morning, which is Perez Zantano versus the Attorney General.